**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**William Richard HART, Defendant–**
**Appellant.**

No. 03–1879.

United States Court of Appeals,
Sixth Circuit.

June 22, 2004.

Maarten Vermaat, U.S. Attorney's Office, Grand Rapids, MI, for Plaintiff–Appellee.

Helen C. Nieuwenhuis, Grand Rapids, MI, for Defendant–Appellant.

Before: DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

## ORDER

William Richard Hart appeals his sentence imposed following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 5, 2003, Hart was indicted on the above firearm charge. Pursuant to a plea bargain agreement, Hart pleaded guilty to the charge. The district court sentenced Hart to 78 months of imprisonment, 3 years of supervised release, and imposed a $1,990 fine and a $100 special

assessment. Hart filed a timely notice of appeal.

On appeal, Hart asserts that the district court miscalculated his sentencing guidelines range because his prior felony conviction for home invasion in the second degree does not constitute a crime of violence under the guidelines. The government responds that the district court properly sentenced Hart. Upon consideration, we affirm the district court's judgment because Hart's prior felony conviction for home invasion in the second degree constitutes a crime of violence under the sentencing guidelines.

Generally, this court reviews a district court's legal conclusions regarding application of the sentencing guidelines de novo. *United States v. Bass*, 315 F.3d 561, 564–65 (6th Cir.2002), *cert. denied*, 537 U.S. 1241, 123 S.Ct. 1373, 155 L.Ed.2d 212 (2003). Section 4B1.2(a) of the guidelines defines a "crime of violence" to include a "burglary of a dwelling." *Id.* at 565; *United States v. Payne*, 163 F.3d 371, 373 (6th Cir.1998). Second-degree home invasion is defined under Michigan law as "break[ing] and enter[ing] a dwelling with intent to commit a felony or larceny in the dwelling or ... enter[ing] a dwelling without permission with intent to commit a felony or larceny in the dwelling...." Mich. Comp. Laws § 750.110a(3). Thus, second-degree home invasion plainly is a burglary. *See United States v. Raleigh*, 278 F.3d 563, 565 (6th Cir.2002). Accordingly, Hart's sole claim on appeal lacks merit because his prior felony conviction for second-degree home invasion plainly constitutes a "crime of violence" under the federal sentencing guidelines.

For the foregoing reasons, the district court's judgment is affirmed.