**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0069n.06
Filed: January 24, 2006

**Case No. 04-2491**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| LARON ADAMS LEE HORTON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

**BEFORE: BOGGS, Chief Judge; and BATCHELDER, Circuit Judges; KATZ[*], District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.** Laron Adams Lee Horton ("Horton") appeals

the sentence imposed after he pleaded guilty to one count of felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1). The Pre-Sentence Investigation Report calculated Horton's

guideline range to be 57-71 months and the district court adopted its findings, sentencing him to 71

months in prison. Horton filed this timely appeal and asserts that the district court erred in treating

the sentencing guidelines as mandatory and in finding that his prior state-court conviction for third-

degree home invasion constituted a crime of violence, which required that his base offense level

under the United States Sentencing Guidelines be set at 20. Though we find no error in the way the

---

[*]The Honorable David A. Katz, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

district court calculated Horton's sentence, this case must be remanded for re-sentencing under *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005).

## I. Procedural and Factual History

Two Lansing, Michigan, police officers on routine patrol in the parking lot of a hotel saw in that lot a vehicle with its motor running. A woman was sitting in the passenger seat. As the officers approached the vehicle in their patrol car, two men came out of a nearby hotel room and walked toward the vehicle. Horton was one of those men; he was carrying a white plastic bag and got into the vehicle. The other man walked off in another direction. When the officers pulled their patrol car behind the vehicle, Horton quickly exited, but one officer got out of the patrol car and stopped him. The other officer also exited the patrol car and, approaching Horton's car, noticed a clear plastic bag containing what the officer believed to be marijuana between the driver and passenger seats of the car. The officers took Horton into custody and searched his vehicle, finding the white plastic bag, which contained 1.9 kilograms of marijuana, an electric scale, and a loaded Bryco .380 semiautomatic handgun.

Horton was charged with possession of marijuana with intent to distribute and possession of a firearm by a felon; he entered a guilty plea to the firearms charge pursuant to a plea agreement. At sentencing, Horton objected to the application of the U.S. Sentencing Guidelines to his case based on *Blakely v. Washington*, 542 U.S. 296 (2004), but the district court, following our opinion in *United States v. Koch*, 383 F.3d 436, 443 (6th Cir. 2004) (en banc), treated the guidelines as mandatory in calculating Horton's sentence.

Horton objected to the application of U.S.S.G. § 2K2.1(a)(4)(A), which required that his initial base offense level be set at 20, because he had not admitted that his Michigan conviction for

2

third-degree home invasion was a "crime of violence." Horton also objected to a four-point increase in the total offense level pursuant to U.S.S.G. § 2K2.1(b)(5) for possessing the firearm in connection with another felony offense, because the facts on which the increase was based had not been charged in the indictment, found by a jury beyond a reasonable doubt, or admitted. The district court overruled the objections, holding that *United States v. Burgin*, 388 F.3d 177 (6th Cir. 2004), allowed the sentencing court to find both the fact and the character of a prior conviction by a preponderance of the evidence. Horton filed this timely appeal, challenging the district court's treatment of the sentencing guidelines as mandatory, its finding by a preponderance of the evidence that he possessed a firearm in connection with another felony, and its finding that Horton had been convicted of third-degree home invasion, which is a "crime of violence" for sentencing guidelines purposes.

## II. Remand for Re-Sentencing

The parties agree that this case must be remanded to the district court for re-sentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), because the district court improperly treated the sentencing guidelines as mandatory and improperly increased the sentence on the basis of the court's own factual findings. We note for the record that because the district judge found by a preponderance of the evidence that Horton possessed a firearm in connection with another felony and increased Horton's sentence based on this finding, the sentence was imposed in violation of the Sixth Amendment and remand is proper under *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005), rather than under *Barnett*, which held that, under plain error analysis, remand is proper—even in the absence of a Sixth Amendment violation—where the sentencing court believed that the guidelines were mandatory. *Barnett*, 398 F.3d at 526-30.

3

### III. Calculation of the Guideline Range

Horton also challenges the district court's classification of a prior conviction for third-degree home invasion under Michigan law as a "crime of violence" for guidelines calculation purposes. Although the case must be remanded under *Oliver*, in the interests of judicial economy, we will review Horton's claims of error in the calculation of his guidelines sentence, because *Booker* instructed sentencing courts to take the guidelines into account when determining a defendant's sentence. *Booker*, 543 U.S. at __; 125 S. Ct. at 764.

In *United States v. Davidson*, 409 F.3d 304 (6th Cir. 2005), we determined that, based on *Booker*'s instructions, we must review a district court's application of the guidelines in the same way that we did before *Booker* because, although the guidelines are no longer mandatory, they do form a starting point for the district court's determination of the defendant's sentence. *Id.* at 310. We review de novo the district court's interpretations of the sentencing guidelines, and we review its factual findings for clear error. *United States v. Williams*, 411 F.3d 675, 677 (6th Cir. 2005); *United States v. Chriswell*, 401 F.3d 459, 463 (6th Cir. 2003).

The sentencing court must first determine whether there has been a prior conviction at all, a finding that may be made by a preponderance of the evidence. *See Almendarez-Torres v. United States*, 523 U.S. 224, 230 (1998); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Blakely*, 542 U.S. at 301; *Booker*, 530 U.S. at __; 125 S. Ct. at 756. Though Horton argues that Justice Thomas probably now agrees with four other justices who would overturn *Almendarez-Torres*, *see Shepard v. United States*, 544 U.S. 13, __, 125 S. Ct. 1254, 1263-64 (2005) (Thomas, J., concurring), the Supreme Court has not done so and, unless and until it does, we are required to follow that case. At his plea hearing, Horton admitted the fact of his third-degree home invasion conviction, and he

did not object to the Pre-Sentence Investigation Report's finding that he had been convicted of third-degree home invasion on February 3, 2003. The district court's finding was not erroneous.

At sentencing, Horton objected to the process by which the district court determined that Horton had a prior conviction for third-degree home invasion, but not to the court's legal conclusion that third-degree home invasion is a crime of violence. The latter issue therefore was not properly preserved below, and our review is for plain error. *See United States v. Hazelwood*, 398 F.3d 792, 798 (6th Cir. 2005). Under that test, there must be (1) error, (2) that is plain, (3) that affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Oliver*, 397 F.3d at 378.

In evaluating whether a particular offense is a "crime of violence," we must employ the "categorical" approach, which requires courts to base their determinations on the statutory definition of the crime, though the court may review the indictment, plea agreement, plea colloquy, or factual finding to which the defendant assented if it finds that certain conduct falling within the statute's coverage is properly considered non-violent. *United States v. Harris*, 165 F.3d 1062, 1068 (6th Cir. 1999); *Shepard*, 544 U.S. at __, 125 S. Ct. at 1257.

The government argues that the sentencing guidelines specifically define a crime of violence to include "burglary of a dwelling," *see* U.S.S.G. § 4B1.2(a)(2), and that because we have held previously that, in Michigan, home invasion of the first and second degrees are functional equivalents of common-law burglary and fall within the definition of a "crime of violence," third-degree home invasion should be treated similarly. *See United States v. Garcia-Serrano*, 107 F. App'x 495 (6th Cir. 2004); *United States v. Hart*, 104 F. App'x 469 (6th Cir. 2004). The statute

5

defining the offense states that a person is guilty of third-degree home invasion if he does either of the following:

> (a) Breaks and enters a dwelling with intent to commit a misdemeanor in the dwelling, enters a dwelling without permission with intent to commit a misdemeanor in the dwelling, or breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor.
>
> (b) Breaks and enters a dwelling or enters a dwelling without permission and, at any time while the person is entering, present in, or exiting the dwelling, violates any of the following ordered to protect a named person or persons:
>
>> (I) A probation term or condition.
>>
>> (ii) A parole term or condition.
>>
>> (iii) A personal protection order term or condition.
>>
>> (iv) A bond or bail condition or any condition of pretrial release.

MICH. COMP. LAWS § 750.110a(4).

Horton argues that this definition is broader than the burglary definition the Supreme Court adopted in *Taylor v. United States*, 495 U.S. 575, 599 (1990), in which the Court found that the underlying intended "crime" does not have to be a felony in order to support a finding that the burglary was a crime of violence for purposes of the Armed Career Criminal Act. He argues that the Michigan statute allows a third-degree home invasion conviction for simply "being in the wrong place at the wrong time."

This argument is belied by the text of the statute itself. Part (a) specifically requires the intent to commit a misdemeanor or the actual commission of a misdemeanor within the dwelling, which is a "crime" sufficient to make the burglary a "crime of violence." *See Taylor*, 495 U.S. at 598. Part (b) of the Michigan statute does not require that a misdemeanor be committed or intended,

but requires that during the commission of the home invasion, the offender violate an order intended for the protection of a named individual. As the *Taylor* Court explained, "[t]he fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate." *Id.* at 588. This is as true in the M.C.L. § 750.110a(4)(b) context as it is in any other context. No section of this statute, therefore, proscribes conduct that could not be considered a "crime of violence."

Moreover, third-degree home invasion is a crime of violence even if it cannot be pigeonholed neatly into the definition of burglary. The sentencing guidelines provide that a crime of violence includes an unenumerated offense that, "by its nature, present[s] a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 cmt. n.1; *see also* U.S.S.G. § 4B1.2(a)(1). All of the conduct in M.C.L. § 750.110a(4)(b) presents as serious a potential risk of physical injury as any burglary crime. The district court therefore did not err, plainly or otherwise, in finding that third-degree home invasion is a crime of violence for sentence enhancement purposes.

## IV. Conclusion

For the foregoing reasons, we **VACATE** Horton's sentence and **REMAND** to the district court for re-sentencing.

7