NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0703n.06
Filed: October 1, 2007

No. 06-6343

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| JOHN I. CHISOM, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    COLE and COOK, Circuit Judges; and FROST, District Judge.[*]

**R. GUY COLE, JR., Circuit Judge.** After a jury convicted Defendant-Appellant John Ivory

Chisom of being a fugitive from justice in possession of both a firearm and ammunition, the district

court sentenced Chisom as an Armed Career Criminal to 200 months of imprisonment under the

United States Sentencing Guidelines. On appeal, Chisom contends that the evidence presented at trial

was insufficient to support his convictions, challenges the district court's finding that he had at least

three prior convictions qualifying him as an Armed Career Criminal, and claims that he should have

been given immunity for any statements made during allocution. For the following reasons, we

**AFFIRM** Chisom's convictions and the district court's findings at sentencing.

---

[*]The Honorable Gregory L. Frost, United States District Judge for the Southern District of
Ohio, sitting by designation.

## I. BACKGROUND

On July 27, 2005, a Tennessee Highway Patrol Trooper followed a 1993 Cadillac Fleetwood with windows that he believed were tinted darker than permitted under Tennessee law. After the Cadillac ran through a red light, the trooper activated his cruiser's lights, and the Cadillac pulled into a trailer park. Upon stopping, its lone occupant, Chisom, fled on foot, and the trooper gave chase and called for backup. When the trooper caught up to Chisom, Chisom resisted, and the trooper attempted to gain control by using pepper spray and striking Chisom with an expandable baton. During the struggle, an officer from the canine unit arrived, but Chisom broke free and continued flight. The police dog was released and bit Chisom on the right thigh. Chisom was taken to a local hospital for treatment of the bite wound and then booked and charged under the name "Jackie J. Williams," the name appearing on his Alabama driver's license. Officers searched the Cadillac at the scene after Chisom had been taken into custody. They seized a loaded .38 caliber revolver found underneath the driver's seat.

Chisom posted bond and was released before a fingerprint check showed that "Jackie J. Williams" was not Chisom's real name and that he had an outstanding warrant in California. The Tennessee authorities then notified the United States Marshal Service. On July 29, 2005, the Marshals executed a search warrant on Chisom's apartment, which he leased under his "Jackie J. Williams" alias. No one was present when they arrived. Their search turned up a duffel bag containing men's underwear and .38 caliber ammunition matching the brand of the ammunition in the revolver seized from the Cadillac. The Marshals also found bloody bandages and towels in the apartment's bathroom, photographs of Chisom sitting on the trunk of the Cadillac, and service

records indicating that "Jackie J. Williams" recently had the Cadillac serviced at a Wal-Mart store. The Marshals arrested Chisom the next day at a hotel where he was hiding.

Chisom was charged in a federal indictment with (1) being a fugitive from justice in possession of a firearm and ammunition on July 27, 2005; and (2) being a fugitive from justice in possession of ammunition on July 29, 2005, both in violation of 18 U.S.C. § 922(g)(2). After a two-day trial, a jury found Chisom guilty of both charges. The district court determined, based on an information and a "minute order" from the Superior Court of the State of California, that Chisom had three prior robbery convictions and one prior conviction for assault with a firearm. The district court sentenced Chisom as an Armed Career Criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, and calculated a sentencing range of 188 to 235 months. The district court sentenced Chisom to 200 months of imprisonment. Chisom timely appealed.

## II. ANALYSIS

Chisom makes four arguments on appeal: (1) The evidence introduced at trial was insufficient to prove possession beyond a reasonable doubt; (2) The district court relied on unreliable hearsay evidence to establish Chisom's prior convictions; (3) Chisom's Sixth Amendment rights were violated because his prior convictions were not proven to the jury beyond a reasonable doubt and he did not have the opportunity to confront and cross-examine the introduction of his prior convictions; and (4) Chisom should have been given immunity for any incriminating statements made during allocution. Because we find that each argument lacks merit, we **AFFIRM** Chisom's convictions and sentence.

## A. Sufficiency of the Evidence

Chisom first argues that the evidence presented at trial was insufficient for a rational jury to convict him of being a fugitive in possession of a firearm or ammunition. At trial, the parties stipulated that Chisom was a fugitive from justice when he was pulled over and later arrested, and that the revolver and the ammunition seized were manufactured outside of Tennessee. On appeal, therefore, Chisom challenges only the sufficiency of evidence presented to prove possession.

Had Chisom moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 at trial, this Court would review his conviction asking "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Because Chisom failed to make the appropriate motions in the trial court, however, he has waived the right to challenge the sufficiency of the evidence supporting his convictions on appeal, absent a manifest miscarriage of justice. *United States v. Clark*, 294 F.3d 791, 793 (6th Cir. 2002). "A 'miscarriage of justice' exists only if the record is 'devoid of evidence pointing to guilt.'" *United States v. Abdullah*, 162 F.3d 897, 903 (6th Cir. 1998) (quoting *United States v. Price*, 134 F.3d 340, 350 (6th Cir. 1998)).

There is no manifest miscarriage of justice in this case. Indeed, even under the more rigorous standard of review, the Government offered evidence from which a rational trier of fact could find beyond a reasonable doubt that Chisom possessed the revolver and the ammunition. Because the Government did not present evidence establishing that Chisom physically possessed the gun or ammunition, Chisom's convictions rest on a constructive-possession theory. *See United States v.*

*Murphy*, 107 F.3d 1199, 1207 (6th Cir. 1997) ("In order to prove that a defendant knowingly possessed an object, the government must demonstrate that the defendant had control over the object, either actually or constructively." (citing *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973))). To establish constructive possession, "the government must demonstrate that the person has 'the power and intention at a given time to exercise dominion and control over an object . . . .'" *Id*. at 1208 (quoting *Craven*, 478 F.2d at 1333).

In this case, a rational juror could conclude that Chisom constructively possessed the loaded revolver found underneath the driver's seat of the Cadillac when he was stopped on July 27, 2005. Although Chisom argues that the Cadillac was titled to another person, and at least three other people drove it, the Government presented evidence from which a juror could rationally conclude that Chisom was, in fact, the true owner of the Cadillac and that he kept the title in a friend's name because he did not have a valid driver's license. The Government submitted as exhibits photographs of Chisom sitting on the Cadillac and receipts for service work performed on the Cadillac, paid for by Chisom. More importantly, Chisom was the Cadillac's lone occupant when the Tennessee trooper stopped it. A rational juror could conclude, under these circumstances, that Chisom exercised dominion over the Cadillac when it was stopped. This is sufficient to establish constructive possession of the firearm. *See, e.g.*, *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998) ("Proof that 'the person has dominion over the premises where the firearm is located' is sufficient to establish constructive possession." (quoting *United States v. Clemis*, 11 F.3d 597, 601 (6th Cir. 1993) (per curiam))); *Murphy*, 107 F.3d at 1207-08 (finding ample evidence to support constructive possession where defendant was the only person in the car and the gun was found immediately next

to where the defendant had been sitting).

Additionally, the Government presented evidence that the Marshals found a duffel bag in Chisom's apartment, four feet from his bed, containing men's underwear and ammunition that matched the brand, caliber, and appearance of the ammunition found in the revolver, further permitting the jury to infer that Chisom was aware of the revolver's presence in the Cadillac. Based on this evidence, a reasonable jury could have found that he had the "power and the intention at a given time to exercise dominion and control over a firearm, either directly or through others," *Clemis*, 11 F.3d at 601, and therefore Chisom constructively possessed the revolver found in the Cadillac. *See United States v. Gardner*, 488 F.3d 700, 714 (6th Cir. 2007). In addition, a rational juror could find that Chisom constructively possessed the ammunition in the revolver at the time of the stop and the ammunition found in the duffle bag during the search of his apartment.

That Chisom's sister testified that the revolver was hers (which she kept for protection from an abusive boyfriend) and that she left it in the Cadillac after borrowing the Cadillac from Chisom does not assist Chisom on appeal. Although a jury could have believed her testimony and that Chisom was unaware of the gun's presence in the Cadillac, the jury was also free to reject it, as it obviously did. *See, e.g.*, *United States v. Jones*, 124 F.3d 781, 784 (6th Cir. 1997) ("Issues of credibility are for the jury to determine."). When deciding whether any rational trier of fact could have found the essential elements of the crime, this Court does not "weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury." *Chavis*, 296 F.3d at 455 (quoting *United States v. Ferguson*, 23 F.3d 135, 140 (6th Cir. 1994)). Because a rational trier of fact could have found that Chisom possessed the revolver and ammunition, and it certainly cannot be said

that "the record is devoid of evidence pointing to guilt," *Abdullah*, 162 F.3d at 903, Chisom's

insufficient-evidence argument fails.

**B. Proof of Prior Convictions**

To qualify Chisom for Armed Career Criminal enhancements, the district court relied on a

six-page information listing and describing the seven counts that Chisom had been charged with in

the Superior Court of the State of California, and a one-page minute order reflecting the counts to

which Chisom had pleaded and the respective sentences imposed. Both documents were certified

and signed by the Clerk of the Superior Court of California. Chisom argues that the district court

erred in sentencing Chisom as an Armed Career Criminal because the information and minute order

neither fall within a hearsay exception nor qualify as "judgments" of conviction under Federal Rule

of Criminal Procedure 32(k).

A district court's determination that a defendant has a prior conviction is a factual finding

that may be made by a preponderance of the evidence. *United States v. Horton*, 163 F. App'x 378,

380 (6th Cir. 2006) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 230 (1998), *Apprendi*

*v. New Jersey*, 530 U.S. 466, 490 (2000), *Blakely v. Washington*, 542 U.S. 296, 301 (2004), and

*United States v. Booker*, 543 U.S. 220, 244 (2005)). This Court reviews a district court's factual

findings at sentencing for clear error. *United States v. Katzopoulos*, 437 F.3d 569, 578 (6th Cir.

2006).

Chisom's argument that it was improper for the district court to rely on the information and

minute order, because they are hearsay not falling into any exception, is unavailing. It is well settled

that a district court may consider hearsay at sentencing so long as it finds the hearsay "to have

sufficient or minimally adequate indicia of reliability." *United States v. Hunt,* 487 F.3d 347, 352 (6th Cir. 2007) (quoting *United States v. Silverman*, 976 F.2d 1502, 1513 (6th Cir. 1992) (en banc)); *see also* Fed. R. Evid. 1101(d)(3) (exempting the federal rules of evidence from sentencing proceedings). Indeed, U.S.S.G. § 6A1.3(a) permits a sentencing court to "consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."

To the extent that the information and the minute order relied upon are hearsay, the district court did not err in finding them to be sufficiently reliable after a probation officer testified that these same documents are routinely used in California federal district courts in lieu of judgment orders. Assuredly, the Ninth Circuit, often addressing California documents relating to prior convictions, recently explained that although a minute order cannot be relied upon to establish the *nature* of a prior conviction because "it does not contain 'the factual basis for the pleas [as] confirmed by the defendant'" it may still be used to establish the *fact* of a prior conviction. *United States v. Snellenberger*, 493 F.3d 1015, 1020 & n.5 (9th Cir. 2007) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)) ("Nothing in our holding [that minute orders are inadequate to establish the facts underlying a prior conviction] implies that either minute orders or abstracts of judgments are 'categorically unreliable.' We recognize, for example, that an abstract of judgment may be used to prove the 'fact of conviction' . . . ." (internal citations omitted)). Chisom does not contend that his prior California felony convictions do not qualify as predicate "violent felonies" or "serious drug offenses" within the meaning of 18 U.S.C. § 924(e), but only that a minute order is insufficient to establish the existence of his prior convictions. As made clear by *Snellenberger*, however, Chisom's

contention is unavailing.

Further confirming the reliability of the minute order, the district court heard testimony that Joe Thomas, the United States Probation Officer responsible for assembling Chisom's Presentence Investigation Report, contacted the California parole officer who supervised Chisom on the relevant California convictions. Both parties stipulated that Thomas sent two current photographs of Chisom to the California parole officer, that the officer confirmed that she had supervised Chisom on the convictions listed in the minute order, and that Chisom had been convicted as an adult of those charges. Accordingly, the district court did not clearly err when it concluded that Chisom had at least three prior felony convictions in California.

Moreover, although a judgment of conviction signed by a judicial officer pursuant to Federal Rule of Criminal Procedure 32(k) might be the most expedient manner of establishing the fact of a prior conviction at sentencing, nothing demands that such fact be established this way. *See, e.g.*, *United States v. Crowell*, 493 F.3d 744, 749 (6th Cir. 2007) (approving district court's finding of a prior conviction where the government provided a certified petition charging defendant with the crime and a certified order stating that defendant had pleaded guilty to the crime); *accord, e.g.*, *United States v. Cordero,* 42 F.3d 697, 701 (1st Cir. 1994) (explaining that the government can establish the existence of a predicate offense "in diverse ways, *e.g.*, by an uncontroverted statement in the PSI Report, by introducing a certified copy of the judgment, or by some other satisfactory proffer."); *United States v. Potter*, 895 F.2d 1231, 1238 (9th Cir. 1990) ("[A] court should have copies of the judgments of conviction before it when determining whether a defendant has previously been convicted of 'violent felonies' within the meaning of § 924(e)(1), *although we do not foreclose*

*the possibility that a defendant's conviction . . . might be established by some other form of clearly reliable evidence.*" (emphasis added)).

Chisom also argues that the district court's finding of prior convictions violated his Sixth Amendment rights because (1) the prior convictions were not proven to the jury beyond a reasonable doubt and (2) he did not have the opportunity to confront and cross-examine the introduction of the prior convictions. Chisom makes these arguments solely to preserve the record, acknowledging that they are foreclosed by Supreme Court precedent and decisions of this Court. *See, e.g.*, *United States v. Hill*, 440 F.3d 292, 298-99 (6th Cir. 2006) (rejecting argument that jury must find facts underlying defendant's previous conviction beyond a reasonable doubt before district court deems defendant an Armed Career Criminal); *Katzopoulos*, 437 F.3d at 576 ("[T]here is nothing specific in *Blakely*, *Booker* or *Crawford* that would cause this Court to reverse its long-settled rule of law that Confrontation Clause permits the admission of testimonial hearsay evidence at sentencing proceedings.").

## C. Immunity During Allocution

In accordance with Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), prior to imposing sentence, the district court gave Chisom the opportunity to make a statement to mitigate his sentence. Against his attorney's counseling, Chisom opted to allocute. During allocution, Chisom admitted that he "got into some problems in California," upon which the district court asked if he was admitting to the four felony convictions listed in the Presentence Investigation Report. Without objection from his attorney, Chisom responded affirmatively that he was admitting to three robbery felony offenses and one assault with a firearm felony offense. He now argues that this admission

could not have served as a basis to support his Armed Career Criminal enhancement because a defendant cannot be compelled to incriminate himself during allocution. Chisom's argument is meritless.

Although the Fifth Amendment privilege against self-incrimination applies at allocution, the privilege protects only against *compelled* self-incrimination. *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976); *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Chisom chose to allocute and, therefore, waived the privilege. *See Brown v. United States*, 356 U.S. 148, 154–58 (1958) (holding that petitioner could not invoke on cross-examination privilege against self-incrimination regarding matters made relevant by her direct examination where petitioner took the stand voluntarily testifying in her own behalf). Chisom does not argue that his waiver was involuntary, unknowing, or not intelligent. Indeed, such a position would be untenable when, seconds before making the incriminating statements, Chisom's attorney declared that any statements that Chisom made during allocution could be used against him. Thus, to the extent the district court relied on Chisom's admissions of the four prior felony convictions to support its finding that Chisom was an Armed Career Criminal, the district court did not err.

Moreover, Chisom's admission during allocution was not the only evidence supporting the district court's determination that Chisom was an Armed Career Criminal. As mentioned, the district court properly relied on the minute order and related testimony verifying the veracity of that minute order to establish the existence of at least three prior convictions. Chisom's incriminating statements made during sentencing only further supported this finding and were not essential to it.

### III. CONCLUSION

For these reasons, we **AFFIRM**.