RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0056p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMAR ALONZO QUARLES,

*Defendant-Appellant.*

No. 16-1690

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:14-cr-00029—Robert J. Jonker, Chief District Judge.

Decided and Filed:  March 10, 2017

Before:  SILER, MOORE, and GRIFFIN, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Paul L. Nelson, Jasna Tosic, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Grand Rapids, Michigan, for Appellant.  Sean M. Lewis, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

SILER, Circuit Judge.   Defendant Jamar Quarles appeals his sentence, including the district court's determination that Michigan's crime of third-degree home invasion is equivalent to generic burglary, thus constituting a predicate offense under the Armed Career Criminal Act ("ACCA").  Specifically, he argues that the Michigan statute: (1) includes locations that are broader than generic burglary and (2) does not properly have an intent-upon-entry element that is required under generic burglary.  If Quarles succeeds on his challenge, he also challenges a

three-point increase in criminal history. We affirm the district court's determination that Michigan's crime of third-degree home invasion is categorically equivalent to generic burglary.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Quarles was charged in a single-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He pleaded guilty to that charge without a plea agreement. At his original sentencing, the district court held that Quarles's conviction for third-degree home invasion was a violent felony under the residual clause of the ACCA. The district court expressly declined to rule whether that offense qualified as generic burglary. Finding this as Quarles's third-predicate offense under the ACCA, the district court sentenced him to 204 months' incarceration. On appeal, this court vacated the sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and remanded the case for resentencing. On remand, the district court considered whether Michigan's crime of third-degree home invasion constituted a "violent felony." Finding that it was the "functional equivalent of generic burglary," the district court resentenced Quarles to 204 months' incarceration.

## DISCUSSION

### I. Quarles's *Johnson* Claim

#### a. Standard of Review

We review de novo whether a prior conviction qualifies as a "violent felony" under the ACCA. *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014).

#### b. Categorical Approach

When determining whether a particular crime qualifies as a violent felony, we start with the "categorical approach." *Id.* We look "to the fact of conviction and the statutory definition of the prior offense." *Id.* We then "compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense—*i.e.*, the offense as commonly understood." *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016). The prior conviction

---

[1]We do not address Quarles's arguments as they relate to the modified-categorical approach or his three-point increase in criminal history.

qualifies as an ACCA predicate offense only if its "elements are the same as, or narrower than, those of the generic offense." *Id.*

In this case, we must compare Michigan's third-degree home invasion statute with the elements of generic burglary. Michigan Compiled Laws § 750.110a(4) provides:

> (4) A person is guilty of home invasion in the third degree if the person does either of the following:
>      (a) Breaks and enters a dwelling with intent to commit a misdemeanor in the dwelling, enters a dwelling without permission with intent to commit a misdemeanor in the dwelling, or breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor.
>      (b) Breaks and enters a dwelling or enters a dwelling without permission and, at any time while the person is entering, present in, or exiting the dwelling, violates any of the following ordered to protect a named person or persons:
>           (i) A probation term or condition.
>           (ii) A parole term or condition.
>           (iii) A personal protection order term or condition.
>           (iv) A bond or bail condition or any condition of pretrial release.

The generic definition of burglary, as defined by the Supreme Court, is "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Comparing these two definitions, Quarles argues that the Michigan statute is overbroad in two respects. First, he argues that the term "dwelling," as defined in the statute, encompasses more than the "building or other structure[s]" found in *Taylor*. Second, Quarles argues that the Michigan statute does not require intent to commit a crime upon entry, thus making it overbroad. We will address each of these arguments separately.

The Government argues that this court has already decided the issue. *See United States v. Gibbs*, 626 F.3d 344, 353 (6th Cir. 2010); *see also United States v. Horton,* 163 F. App'x 378, 381–82 (6th Cir. 2006) (finding that subsection (4)(a) of the third-degree home invasion statute is categorically the equivalent of burglary of a dwelling). In *Gibbs*, this court held that "a conviction for second-degree home invasion under Michigan law is the equivalent of the enumerated offense of burglary of a dwelling and therefore constitutes a 'crime of violence.'" *Id.* at 353 (citations omitted). While second-degree home invasion and third-degree home

invasion are indistinguishable for ACCA purposes, *Gibbs* was decided prior to *Descamps v. United States*, 133 S. Ct. 2276 (2013). Just to ensure that *Descamps* did not upset the holdings in *Gibbs* and *Horton*, we will engage in a full de novo review.

### i. Dwelling

Michigan Compiled Laws § 750.110a(1)(a) defines a dwelling as "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." Quarles argues that the term "shelter" could include places such as a "tree . . . a vehicle, boat, outcropping of rock, cave, bus stop, or a suspended tarp" that "are not buildings or structures." This argument fails.[2]

The Supreme Court has explained that "to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). In order to succeed, the defendant must show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* In this case, Quarles offers only hypothetical arguments.

The main reason that Quarles can point only to hypothetical arguments rather than concrete examples is because the plain language of Michigan's third-degree home invasion statute is narrow. The American Heritage Dictionary defines shelter as "something, especially a structure, that provides cover or protection, as from the weather." While this definition does provide room for broad application, the Michigan statute limits shelter to only those that are "used permanently or temporarily as a place of abode." Mich. Comp. Laws § 750.110a(1)(a). The American Heritage Dictionary defines abode as "a dwelling place; a home." With this limitation, it would be a stretch, rather than a realistic probability, that a tree, vehicle, boat, outcropping of rock, cave, bus stop, or suspended tarp would be considered a "home." Furthermore, the claim that the Michigan legislature intended to encompass a broad range of

---

[2]Quarles conceded, in the district court, that the term structure "arguably has the same meaning as the term 'structure' in the generic burglary definition." Therefore, his argument focuses on the term "shelter."

places is undercut by the fact that when the legislature intended to include those places, they were expressly incorporated.  For example, Michigan Compiled Laws § 750.110(1) states:

> A person who breaks and enters, with intent to commit a felony or a larceny therein, a tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat, ship, shipping container, or railroad car is guilty of a felony punishable by imprisonment for not more than 10 years.

*See, e.g., United States v. Ritchey*, 840 F.3d 310, 318 (6th Cir. 2016) (finding Mich. Comp. Laws § 750.110 broader than generic burglary).[3]

Therefore, we hold this statute's use of the term "dwelling" does not encompass more areas than "building or structures" found in *Taylor*.

### ii.  Intent-At-Entry

An alternative way of committing third-degree home invasion is to break and enter a dwelling and, at any time while entering, present in, or exiting the dwelling, commit a misdemeanor.  *See* Mich. Comp. Laws § 750.110a(4)(a).  Quarles argues that this alternative "does not qualify as generic burglary" because it "does not necessarily have an intent-at-entry element."

The question of whether generic burglary requires intent at entry has resulted in a circuit split focusing on *Taylor*'s "remaining in" language.  *Compare United States v. Bonilla*, 687 F.3d 188, 193–94 (4th Cir. 2012) (finding that *Taylor* does not require that intent exist at entry), *with United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008) (finding a statute "is not a generic burglary under the *Taylor* definition because it does not contain an element of intent to commit a [crime] at the moment of entry").  Essentially, the circuit split hinges on whether the "remaining in" language allows for the development of intent at any point or whether the intent must exist at entry.

We have already ruled on the issue.  *See United States v. Priddy*, 808 F.3d 676, 685 (6th Cir. 2015).  In *Priddy*, we determined whether a variant of the Tennessee burglary statute,

---

[3]In his Rule 28(j) letter, Quarles argues that *Ritchey* compels us to rule in his favor.  However, *Ritchey* is distinguishable because the statute at issue explicitly lists places outside of buildings or structures.

Section 39-14-402(a)(3), qualified as an ACCA predicate offense. *Id.* Finding that it qualified under *Taylor*, we held that it was "a 'remaining-in' variant of generic burglary because someone who enters a building or structure and, while inside, commits or attempts to commit a felony will necessarily have remained inside the building or structure to do so." *Id.*

Accordingly, generic burglary, as defined in *Taylor*, does not require intent at entry; rather the intent can be developed while "remaining in." *See Taylor*, 495 U.S. at 598 (defining generic burglary as "an unlawful or unprivileged entry into, *or remaining in*, a building or other structure, with intent to commit a crime") (emphasis added).

**AFFIRMED**.