NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0326n.06

Case No. 16-5503

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 09, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| DEMETRIUS HOLMES, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE, GILMAN, and COOK, Circuit Judges.

COOK, Circuit Judge. Demetrius Holmes pleaded guilty to conspiring to distribute and possess with intent to distribute at least five hundred grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). At sentencing, the government argued that Holmes's two prior convictions—facilitation of aggravated robbery and voluntary manslaughter—rendered him a career offender under the sentencing guidelines, *see* U.S.S.G. § 4B1.1. Pointing to defects in the state-court judgments, Holmes contested the career-offender classification. The district court overruled Holmes's objections and sentenced him as a career offender to 188 months' imprisonment. On appeal, Holmes argues that the district court erred in finding the existence of the career-offender predicates. We AFFIRM.

I.

"We review a district court's factual findings at sentencing, including findings as to the existence of prior convictions, for clear error." *United States v. Hockenberry*, 730 F.3d 645, 663 (6th Cir. 2013) (citation omitted). Holmes contests the reliability of the evidence that the sentencing court relied upon to confirm his two prior convictions. We consider the evidence of each conviction in turn.

A.      *Facilitation of Aggravated Robbery*

In 2000, a Knox County, Tennessee, jury convicted Holmes of aggravated robbery. *State v. Holmes*, No. E2000-02263-CCA-R3-CD, 2001 WL 1538517, at *1 (Tenn. Crim. App. Nov. 30, 2001). The Tennessee Court of Criminal Appeals overturned the conviction, however, reasoning that a detective's improper testimony undermined the verdict's reliability. *Id.* at *3, *5. The State retried him in 2005, and the jury convicted him of the lesser-included offense of facilitation of aggravated robbery. *State v. Holmes*, No. E2006-00393-CCA-R3-CD, 2006 WL 3628090, at *1 (Tenn. Crim. App. Dec. 14, 2006).

The district court didn't clearly err when determining that Holmes committed this career-offender predicate, given that the Tennessee Court of Criminal Appeals' opinion of record provides reliable evidence of Holmes's facilitation-of-aggravated-robbery conviction, *see id.* In addition, an expert testified that Holmes's fingerprints match the fingerprints of the "Demetrius Holmes" in that case, and booking photos from the Tennessee Department of Corrections corroborate Holmes's identity as the defendant.

In response, Holmes takes aim not at the appellate court's opinion, the fingerprints, or the booking photos, but at flaws appearing on the face of the state-court-judgment document itself. Specifically, he notes that the Knox County Clerk's Office certified the judgment in 2016—a

decade after Holmes's conviction—and that the judgment document misstates many of the relevant dates. Although we agree that the document's irregularities undercut its reliability, nothing requires the government to establish a prior conviction using only one kind of documentation.[1] *United States v. Chisom*, 249 F. App'x 406, 411 (6th Cir. 2007). And given the other compelling evidence, the district court properly found Holmes's conviction for this offense.

Holmes also argues that because the Knox County Clerk's Office filed the facilitation-of-aggravated-robbery judgment in 2016—after the date of Holmes's federal offense—it was not a "*prior* felony conviction[]" under U.S.S.G. § 4B1.1(a) (emphasis added). But U.S.S.G. § 4B1.2(c) provides that the "date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established," not the date that the clerk's office certifies the judgment. The Tennessee Court of Criminal Appeals' opinion confirms that a jury found Holmes guilty in 2005, prior to the date of Holmes's federal offense.

We therefore conclude that the district court did not clearly err in finding Holmes's facilitation-of-aggravated-robbery conviction to be a career-offender predicate offense.

### B. *Voluntary Manslaughter*

Another jury convicted Holmes of felony murder and especially aggravated robbery. On collateral review of that conviction, the Tennessee Court of Criminal Appeals overturned the verdict, reasoning that his attorneys were constitutionally defective. *Holmes v. State*, No. E2003-02306-CCA-R3-PC, 2004 WL 2253991, at *1, *6 (Oct. 7, 2004). Holmes then pleaded guilty to the lesser-included offense of voluntary manslaughter in January 2006.

---

[1] Nothing in the record conclusively explains the Knox County Clerk's Office's shoddy recordkeeping. One offered explanation is that the judge who oversaw Holmes's trial and sentencing, Richard Baumgartner, was a drug addict, who has since been disbarred. *See generally United States v. Baumgartner*, 581 F. App'x 522 (6th Cir. 2014).

The United States Attorney's Office presented a certified judgment to establish Holmes's voluntary-manslaughter conviction. Because the judgment lists the wrong birth date and social security number (it's unclear whether the inaccuracies resulted from Holmes's false reporting or from administrative error), Holmes disputes the judgment's reliability. But once again, the government offered fingerprint evidence confirming Holmes's identity as the defendant in that case. Furthermore, the government introduced evidence that Holmes used multiple social security numbers, including the number listed in the voluntary-manslaughter judgment. The district court therefore did not clearly err in finding that Holmes's prior felony conviction for voluntary manslaughter qualified as a career-offender predicate.

II.

For these reasons, we affirm the district court's sentence.