# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50274

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID JAMES STEWART,

Defendant - Appellant

Appeals from the United States Court of Appeals
for the Western District of Texas
USDC No. 1:16-CV-781

Before KING, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:*

David James Stewart filed a motion for habeas relief from his federal conviction. He sought to vacate his sentence which he argued had been improperly enhanced by two prior Texas burglary convictions. The district court denied the motion as foreclosed by our precedent. While his appeal here was pending, we held in a different case that a conviction under the same Texas burglary statute is not a violent felony under the Armed Career Criminal Act.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50274

The Government concedes that Stewart is entitled to the relief he seeks, though it would prefer we delay ruling until the Supreme Court has considered whether to review our decision on the Texas statutes. We reject that suggestion and VACATE and REMAND for re-sentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Texas law enforcement officers discovered two firearms in the home of David James Stewart. Stewart pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g). In the factual basis for his plea, Stewart admitted to possessing the firearms. He also admitted to four prior Texas felony convictions: two convictions for burglary of a habitation, robbery, and possession with the intent to distribute cocaine. He agreed that he was subject to the sentencing enhancement of the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). The district court sentenced Stewart to 210 months of imprisonment and five years of supervised release.

In 2015, the Supreme Court held that an increased sentence under the ACCA's residual clause violates due process because the clause is unconstitutionally vague. *United States v. Johnson*, 135 S. Ct. 2551, 2563 (2015). The following year, the Court held that *Johnson* announced a substantive rule applicable retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In June 2016, Stewart sought habeas relief under 28 U.S.C. § 2255, arguing that his Texas burglary and robbery convictions no longer qualified as violent felonies under the ACCA in light of *Johnson*. Specifically, he argued that the Texas burglary statute lacks an element of physical force, is indivisible, and encompasses conduct outside the generic definition of "burglary." In March 2017, the district court denied Stewart's Section 2255 motion in accordance with our precedent then holding that the Texas burglary

2

statute is divisible. *United States v. Uribe*, 838 F.3d 667, 671 (5th Cir. 2016); *United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014). The court likewise denied Stewart a certificate of appealability ("COA"). Stewart appealed.

While his appeal was pending, we overruled *Uribe* en banc, holding that the Texas burglary statute is indivisible and cannot be an ACCA predicate. *United States v. Herrold*, 883 F.3d 517, 541 (5th Cir. 2018) (en banc), *petition for cert. filed*, No. 17-1445 (U.S. Apr. 19, 2018). On May 8, 2018, we granted Stewart a COA "as to the issue whether he should receive relief on his claim that he no longer qualifies for sentencing under the ACCA."

## DISCUSSION

Stewart argues that under *Herrold*, his two Texas burglary convictions cannot qualify as ACCA predicates, thereby disqualifying him from the enhancement. The Government concedes that *Herrold* requires that Stewart's sentence be vacated and remanded for re-sentencing. It nonetheless requests that the panel hold Stewart's appeal in abeyance pending the Supreme Court's consideration of the Government's pending certiorari petition in *Herrold*. To preserve its position, the Government challenges our holding in *Herrold* by arguing that Stewart was properly subject to the ACCA enhancement under the Texas burglary statute.

The Government offers two reasons for holding Stewart's appeal in abeyance. First, abeyance is warranted because its petition for a writ of certiorari in *Herrold* is pending. Second, three other cases presently before the Supreme Court "have a direct bearing on the outcome of this appeal and *Herrold*'s viability."

Of the three cases cited by the Government, a writ of certiorari has been granted on two. *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc),

No. 17-50274

*cert. granted*, 138 S. Ct. 1592 (2018); *United States v. Sims*, 854 F.3d 1037 (8th Cir. 2017), *cert. granted*, 138 S. Ct. 1592 (2018).  These cases address whether burglary of a nonpermanent or mobile structure adapted for overnight use can qualify as "burglary."  The Government argues that disposition of these cases could affect our holding in *Herrold*.  "Until these cases are decided," the Government argues, "this Court's direction to the district court would be arguably incomplete."  Accordingly, holding the appeal in abeyance would "simplify the resolution of this matter, save resources, and serve judicial economy."  In addition, the Government cites to a Sixth Circuit case holding that generic burglary does not require an intent to commit a felony at the time of entry contrary to *Herrold*.  *United States v. Quarles*, 850 F.3d 836, 840 (6th Cir. 2017), *petition for cert. filed*, No. 17-778 (U.S. Nov. 24, 2017).  If the Supreme Court were to adopt the Sixth Circuit approach, the Government argues "the Texas burglary statute would still qualify as generic burglary even if the statute is otherwise indivisible as per *Herrold*."

In response, Stewart starts with quoting the language of our COA grant directing an expedited briefing schedule because "Stewart has already served more than the statutory maximum applicable without the ACCA enhancement should he prevail."  He argues that given his current scheduled release date of March 4, 2019, the Supreme Court's action on *Herrold* or *Quarles* could well be too late to affect him.

Stewart also argues that we already denied the Government's request to stay the mandate in *Herrold* pending Supreme Court review.  He argues that "there is no more reason to put Stewart's case on hold than there was Herrold's."  He also cites two recent unpublished cases where we remanded for re-sentencing in light of *Herrold*.  *See United States v. Prentice*, 721 F. App'x 393, 394 (5th Cir. 2018); *United States v. Hernandez-Saenz,* No. 16-10084, 2018 WL 2017920, at *5 (5th Cir. Apr. 27, 2018).

4

No. 17-50274

On the question of abeyance, we have traditionally held that even when the Supreme Court has granted certiorari in a relevant case, we will continue to follow binding precedent. *See Wicker v. McCotter*, 798 F.2d 155, 158 (5th Cir. 1986). We do not deny, though, that there may be circumstances suggesting a pause in our application of a decision that is being challenged in the Supreme Court. In this appeal, though, Stewart's relatively brief remaining time on his sentence compels us to give him the benefit of the law that currently exists and may continue to exist until his sentence is served.

We VACATE and REMAND for re-sentencing. The Government's motion to hold the appeal in abeyance is DENIED and its motion to remand for re-sentencing is GRANTED.