# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40241
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALBERTO VASQUEZ-NAVARRO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-935-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Carlos Alberto Vasquez-Navarro appeals the 70-month sentence imposed following his guilty plea conviction of illegal reentry. Relying on *United States v. Herrold*, 883 F.3d 517, 529, 541 (5th Cir. 2018) (en banc), *petitions for cert. filed* (Apr. 18, 2018) (No. 17-1445) and (May 21, 2018) (No. 17-9127), he argues that the district court erred by applying a 16-level adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) because his two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior felony burglary convictions under Texas Penal Code § 30.02(a) are not categorically crimes of violence. The Government correctly concedes that the district court's application of the 16-level adjustment is erroneous in light of *Herrold*. *See United States v. Godoy*, 890 F.3d 531, 536 (5th Cir. 2018). Accordingly, the Government raises the following arguments to preserve them for further review: (1) that, under the categorical approach, § 30.02(a) is a crime of violence because all of its subsections match the generic burglary offense and, alternatively, (2) that the Texas burglary statute is divisible and that Vasquez-Navarro's prior convictions are crimes of violence under the modified categorical approach.

The Government has made no attempt to show that the error in this case was harmless. *See United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016). Instead the Government asks that we hold this case in abeyance pending the certiorari determinations in *Herrold* and in a similar case, *United States v. Quarles*, 850 F.3d 836 (6th Cir.), *petition for cert. filed* (Nov. 24, 2017) (17-778). We decline to do so. The sentence in this case is vacated and the matter is remanded for resentencing in light of *Herrold*.

SENTENCE VACATED AND REMANDED FOR RESENTENCING. MOTION DENIED.