IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-10115
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TERRENCE EUGENE PRIESTLEY

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-10-ALL

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty, Terrence Eugene Priestley appeals his conviction and sentence for being a felon in possession of a firearm. Priestley argues that the district court plainly erred by enhancing his sentence under U.S.S.G. § 2K2.1(b)(6) based on the finding that he used or possessed the firearm in connection with another felony offense. Priestley does not dispute that, contemporaneously with his possession of the prohibited firearm, he committed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the state jail felony of evading arrest. See TEX. PENAL CODE ANN. § 38.04(a), (b)(1) (Vernon 2001). He argues, however, that the § 2K2.1(b)(6) sentence enhancement is plain error because he did not use or brandish the firearm in connection with his attempt to evade arrest. As the presence of a loaded firearm in Priestley's car during his flight from police had the potential of facilitating his attempt to evade arrest, the district court did not plainly err by enhancing his offense level. See § 2K2.1, comment. (n. 14)(A); United States v. Armstead, 114 F.3d 504, 510-13 (5th Cir. 1997).

Priestly further argues that the district court plainly erred in finding that the facts stipulated in connection with his plea established that he possessed the weapon "in or affecting interstate commerce" as required by 18 U.S.C. § 922(g) or that he knowingly committed the offense; however, he correctly concedes that his argument is foreclosed by this court's precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001); United States v. Dancy, 861 F.2d 77, 81 (5th Cir. 1988). Priestley also challenges as plain error the district court's order that he serve his federal sentence consecutively to a pending state sentence for burglary of a habitation, but he properly concedes that this issue has been resolved against him. See United States v. Candia, 454 F.3d 468, 474-74 (5th Cir. 2006).

AFFIRMED.