# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40189
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

May 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS JOSE GASCA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-795-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Jose Gasca appeals the sentence of 42 months of imprisonment imposed following his guilty-plea conviction of illegal reentry into the United States following deportation. *See* 8 U.S.C. § 1326(a), (b). According to Gasca, the district court erred in treating his 2004 conviction under Texas Penal Code § 30.02 as a crime of violence because, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), § 30.02 is indivisible and not categorically a crime of violence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40189

for purposes of U.S.S.G. § § 2L1.2(b)(1)(A)(ii).  We review the district court's interpretation or application of the Sentencing Guidelines de novo.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Texas burglary statute, § 30.02(a) has three subsections, and we have held that an offense under § 30.02(a)(1) qualifies as generic burglary.  *See United States v. Conde Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014).  Moreover, § 30.02(a) is divisible and therefore amenable to the modified categorical analysis.  *Conde-Castaneda*, 753 F.3d at 176.  In *United States v. Uribe*, 838 F.3d 667, 669-71 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969), we affirmed the continuing viability of *Conde-Castaneda* after *Mathis*.  Gasca's arguments are therefore unavailing.  *See id.* The judgment of the district court is AFFIRMED.