# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40189
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS JOSE GASCA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-795-1

ON PETITION FOR REHEARING

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

The Court grants the petition for panel rehearing, withdraws its previous opinion in this matter, *United States* v. *Gasca*, 689 F. App'x 826 (5th Cir. 2017), and substitutes the following opinion.

Jesus Jose Gasca appeals the sentence of 42 months of imprisonment imposed following his guilty-plea conviction of illegal reentry into the United

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40189

States following deportation. *See* 8 U.S.C. § 1326(a), (b). Gasca argues that the district court erred in treating his 2004 burglary conviction under Texas Penal Code § 30.02 as a crime of violence because, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), § 30.02 is indivisible and not categorically a crime of violence for purposes of U.S.S.G. § § 2L1.2(b)(1)(A)(ii).

Our original opinion on this appeal affirmed the district court's judgment based on then-controlling precedent, which held that the Texas burglary statute qualified as a generic burglary. *See United States v. Uribe*, 838 F.3d 667, 669-71 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1359 (2017); *United States v. Conde Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014). Subsequently, on February 20, 2018, this Court, sitting en banc, expressly overruled the holding in *Uribe. United States v. Herrold,* __ F.3d __, No. 14-11317, 2018 WL 948373 (5th Cir. Feb. 20, 2018) (en banc).[1] More specifically, we held that the Texas burglary statute was indivisible and that it was broader than generic burglary. *Id.* at *18. Thus, the prior conviction under the Texas burglary statute did not qualify as a violent felony. *Id.* Because Gasca's prior conviction was under the same Texas burglary statute, we VACATE his sentence and REMAND for resentencing consistent with the holding in *Herrold.*

---

[1] Although *Herrold* involved the definition of "violent felony" with respect to the Armed Career Criminal Act, 18 U.S.C. § 924(e), that phrase "has the same definition as 'crime of violence' in U.S.S.G. § 2L1.2." *United States v. Najera-Mendoza,* 683 F.3d 627, 631 n.3 (5th Cir. 2012).