# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40672

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS ISLAS-SAUCEDO,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and WIENER and HIGGINSON, Circuit
Judges.

CARL E. STEWART, Chief Judge:

Jesus Islas-Saucedo appeals the sentence imposed following his guilty
plea conviction for illegal reentry after having been deported. In this appeal,
he contends that the district court improperly enhanced his base offense level
by 12 levels under U.S.S.G. Manual § 2L1.2(b)(1)(A)(ii) (U.S. Sentencing
Comm'n 2015) and that this erroneously increased his U.S. Sentencing
Guidelines range. His argument is predicated on his contention that his 1990
Texas conviction for burglary of a habitation under Texas Penal Code §
30.02(a)(1) is not a crime of violence. More specifically, relying on *Mathis v.
United States*, 136 S. Ct. 2243, 2251 (2016), he asserts that the Texas statute

No. 16-40672

is indivisible and does not comport with the generic crime of burglary of a habitation.

While Islas-Saucedo's appeal was pending, this court held in *United States v. Herrold*, 883 F.3d 517, 517 (5th Cir. 2018) (en banc) that a conviction under the same Texas burglary statute is not a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii).[1] Given the court's ruling in *Herrold*, the Government concedes that Islas-Saucedo is entitled to a vacated sentence, though it requests that we delay ruling until the Supreme Court has considered whether to review our decision on the Texas burglary statute. We reject that suggestion and VACATE and REMAND for re-sentencing.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 28, 2015, Islas-Saucedo was charged by a one-count indictment with being unlawfully present in the United States after deportation subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). On January 26, 2016, without a plea agreement, Islas-Saucedo entered a plea of guilty to the indictment.

Using the 2015 edition of the Sentencing Guidelines, the pre-sentence investigation report ("PSR") calculated the total offense level to be 17, by: (1) starting with a base offense level of eight, pursuant to § 2L1.2(a); (2) adding 12 levels pursuant to § 2L1.2(b)(1)(A)(ii), on the ground that Islas-Saucedo's 1990 Texas felony conviction for burglary of a habitation was a "crime of violence"

---

[1] The ACCA enhances the sentences of defendants with at least three previous convictions for certain crimes. *Herrold*, 883 F.3d at 521. Not all convictions trigger the enhancement—the ACCA specifies that a previous conviction must be for a "violent felony" or a "serious drug offense" for it to count as an ACCA predicate. *Id.* (citing 18 U.S.C. § 924(e)(1)). "Violent felony," the sole category under which Islas-Saucedo's burglary convictions could plausibly fall, is defined in part by reference to other crimes, and the ACCA tells us that "burglary, arson, [and] extortion" fit the bill. *Id.* (citing 18 U.S.C. § 924(e)(2)(B)(ii)).

that was not assessed any criminal history points; and (3) subtracting three levels pursuant to § 3E1.1(a) and (b) for timely acceptance of responsibility. A total offense level of 17, coupled with Islas-Saucedo's criminal history category of IV, resulted in a Guideline imprisonment range of 37 to 46 months. Islas-Saucedo did not object to the PSR's Guideline calculations.

On May 2, 2016, the district court sentenced Islas-Saucedo to serve 42 months in the custody of the Bureau of Prisons and a three-year term of supervised release. Islas-Saucedo timely appealed.

On December 27, 2016, Islas-Saucedo, representing himself pro se, filed his opening brief. For the first time on appeal, Islas-Saucedo argues that the district court erroneously applied the 12-level crime of violence enhancement because (1) not all of the subsections of the Texas burglary statute, TEX. PENAL CODE § 30.02(a)(1)-(3), meet the definition of generic burglary, and (2) the modified categorical approach may not be used to narrow his offense because, under *Mathis*,[2] the Texas statute is indivisible. He argues that *Mathis* effectively overruled this court's precedent in *United States v. Conde-Castaneda*, 753 F.3d 172, 175–77 (5th Cir. 2014) (holding that a Texas burglary conviction under Texas Penal Code § 30.02(a)(1) constitutes generic burglary and, accordingly, is a crime of violence).

On May 4, 2017, the Government filed a motion for summary affirmance on the ground that this court has already rejected Islas-Saucedo's arguments in *United States v. Uribe*, 838 F.3d 667, 671 (5th Cir. 2016) (holding Texas Penal Code § 30.02(a) is divisible). This court denied the motion on September 26, 2017. However, on October 5, 2017, this court granted the Government's

---

[2] In *Mathis*, the Supreme Court held that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense. 136 S. Ct. at 2251.

No. 16-40672

motion to stay further proceedings pending a ruling on the petition for rehearing en banc in *Herrold*.

This court issued its *Herrold* opinion on February 20, 2018. The Government concedes that under *Herrold*, the district court's application of the crime of violence enhancement pursuant to § 2L1.2(b)(1)(A)(ii) would be erroneous. *See Herrold*, 883 F.3d at 541 (holding Texas Penal Code § 30.02(a) is overbroad and indivisible). Nevertheless, the Government requests that this court hold the case in abeyance pending the Supreme Court's determination on the petitions for a writ of certiorari filed in *Herrold* and *Quarles*.[3] *See* Petition for Writ of Certiorari, *Herrold*, 883 F.3d 517 (No. 17-1445); *see also* Petition for Writ of Certiorari, *Quarles*, 850 F.3d 836 (No. 17-778). To preserve its position, the Government challenges our holding in *Herrold* by arguing that Islas-Saucedo was properly subject to the ACCA enhancement under the Texas burglary statute. The Government maintains that (1) under the categorical approach, Texas Penal Code § 30.02(a) is a crime of violence because all of its subsections match a generic burglary offense, and (2) alternatively, the Texas burglary statute is divisible and, under the modified categorical approach, Islas-Saucedo's prior conviction is a crime of violence.[4]

---

[3] In *Quarles v. United States*, another criminal defendant filed a petition for a writ of certiorari raising a similar issue under Michigan's burglary statute of whether a defendant's continued unlawful presence in a dwelling following the formation of intent to commit a crime satisfied the basic elements of a generic "remaining in" burglary. *See* Petition for Writ of Certiorari, *Quarles*, 850 F.3d 836 (No. 17-778). The Solicitor General has agreed with the petitioner that the petition for a writ of certiorari should be granted and the Government notes that the question presented concerning "remaining in" burglary would likely affect the outcome in this case. The Government asserts that Texas Penal Code § 30.02(a) is categorically a crime of violence because all of its subsections, including "remaining in" burglary under subsection (a)(3), qualify as generic burglary under *Taylor*. 495 U.S. at 575.

[4] A writ of certiorari has been granted in two cases that address whether burglary of a nonpermanent or mobile structure adapted for overnight use can qualify as "burglary." *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), *cert. granted*, 138 S. Ct. 1592 (2018); *United States v. Sims*, 854 F.3d 1037 (8th Cir. 2017), *cert. granted*, 138 S. Ct. 1592

No. 16-40672

## II.    STANDARD OF REVIEW

This court reviews "the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Johnson*, 880 F.3d 226, 233 (5th Cir. 2018) (quoting *United States v. Johnson*, 619 F.3d 469, 472 (5th Cir. 2010)). Because Islas-Saucedo failed to object in district court, the issue of whether his prior conviction is a crime of violence under § 2L1.2 is subject to plain error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (quoting *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008) (per curiam)).

Under the plain error standard of review, Islas-Saucedo must show: (1) an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by him; (2) the legal error must be clear or obvious, rather than subject to reasonable dispute; (3) the error must have affected his substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings; and (4) if the above three prongs are satisfied, this court has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citations omitted).

## III.    DISCUSSION

### A. Categorical and Modified Categorical Approach

Texas's burglary statute is alternatively phrased, comprised of a
list of several disjunctive subsections. Statutes taking this form
pose a preliminary question—and its answer switches us to the
appropriate analytical track. [The court] must determine whether

---

(2018). However, Islas-Saucedo has not challenged the definition of "habitation" under Texas Penal Code § 30.02.

the statute sets forth alternative means of committing a single substantive crime, or separate elements, effectively defining distinct offenses. We refer to the former sort of statutes as "indivisible," and we call the latter "divisible."

*Herrold*, 883 F.3d at 521–22 (internal quotation marks and citations omitted).

"If a statute describes alternative means of committing one offense (*i.e.*, if a statute is indivisible), we perform the categorical approach." *Id.* at 522 (citing *Mathis*, 136 S. Ct. at 2248). The categorical approach "examine[s] the elements of the offense, rather than the facts underlying the conviction or the defendant's actual conduct, to determine whether the enhancement applies." *United States v. Rodriguez-Negrete*, 772 F.3d 221, 225 (5th Cir. 2014) (internal quotation marks and citation omitted). If "the elements of the statute forming the basis of the defendant's conviction . . . are the same as, or narrower than, those of the generic offense[,]" a categorical match exists, and the enhancement is proper. *Descamps*, 570 U.S. at 257.

"If the alternative terms of a statute outline elements of distinct offenses (*i.e.*, if a statute is divisible), [the court utilizes the modified categorical approach]." *Herrold*, 883 F.3d at 522 (citing *Mathis*, 136 S. Ct. at 2249). Under the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249. "The court can then compare that crime, as the categorical approach commands, with the relevant generic offense." *Id.*

## B. Generic Burglary and Texas Burglary

In *Taylor v. United States*, the Supreme Court held that Congress intended "burglary" under the ACCA to have a "uniform definition." 495 U.S. 575, 590–92 (1990). The Supreme Court declined to adopt the common law's

definition of burglary—"the breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony"—because that narrow definition "ha[d] little relevance to modern law enforcement concerns" that animated the ACCA. *Id.* at 580 n.3, 593 (citation omitted). The Supreme Court instead adopted a broader construction of "burglary" that encompasses "at least" any "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 598. The *Taylor* Court's definition gave effect to Congress's intent when passing the ACCA that sentence enhancements would apply for an offense with "inherent potential for harm to persons" while avoiding both (1) "arcane technicalities of the common-law definition of burglary" and (2) sentence enhancements based on mere labels used by the state of conviction. *Id.* at 588–89.

In Texas, a person commits burglary when, "without the effective consent of the owner," that person:

(1) enters a habitation . . . not then open to the public, with intent to commit a felony, theft, or an assault; or
(2) remains concealed, with intent to commit a felony, theft, or an assault, in a . . . habitation; or
(3) enters a . . . habitation and commits or attempts to commit a felony, theft, or an assault.

TEX. PENAL CODE § 30.02(a) (2017).

### C. Herrold

In *Conde-Castaneda*, this court held that a conviction under § 30.02(a)(1) constitutes generic burglary, while a conviction under § 30.02(a)(3) does not. 753 F.3d at 176. However, this court also held that this overbreadth can be overcome for purposes of a sentence enhancement because the Texas burglary statute is divisible and thus the modified categorical approach can be used to determine which of the three alternatives of § 30.02(a) forms the basis of the defendant's conviction. *Id.* at 176–77.

No. 16-40672

Then, in *Mathis*, the Supreme Court clarified that a statute is indivisible—and thus not amenable to the modified categorical analysis—if it lists alternative means rather than alternative elements. 136 S. Ct. at 2247–57. Following the Supreme Court's decision in *Mathis*, this court reaffirmed that § 30.02(a) was divisible. *Uribe*, 838 F.3d at 669–71.

On February 20, 2018, this court sitting en banc issued a decision in *Herrold*, holding that the Texas burglary statute is indivisible, thereby overruling *Uribe. See Herrold*, 883 F.3d at 526–29. Consequently, the court applied the categorical approach to § 30.02(a)(3) and concluded that it was broader than generic burglary as it "contain[ed] no textual requirement that a defendant's intent to commit a crime contemporaneously accompany a defendant's unauthorized entry." *Herrold*, 883 F.3d at 531. As a result of its findings that § 30.02(a)(3) was broader than generic burglary, and because §§ 30.02(a)(1) and (a)(3) are indivisible in light of *Mathis*, this court concluded that neither of Herrold's two convictions under the Texas burglary statute qualified as a prior burglary conviction for purposes of a sentence enhancement under the ACCA. *Herrold*, 883 F.3d at 536–37.

This court has held that the same "generic, contemporary" definition of "burglary" applies under the ACCA, which was at issue in *Herrold*, and under former § 2L1.2, which is at issue here. S*ee, e.g., United States v. Ortega-Gonzaga*, 490 F.3d 393, 394–95 (5th Cir. 2007); *United States v. Bernel-Aveja*, 844 F.3d 206, 212–14 (5th Cir. 2016) (employing an ACCA case in its analysis of whether the defendant's "burglary of a habitation" conviction qualified for an enhancement under former § 2L1.2). Further, this court has held that *Mathis* applies to the categorical analysis under the Guidelines, not just the ACCA. *United States v. Hinkle*, 832 F.3d 569, 574–75 (5th Cir. 2016). In addition, Texas burglary of a habitation does not have "as an element the use, attempted use, or threatened use of physical force against the person of

another." § 2L1.2, cmt. n.1(B)(iii); *see United States v. Castaneda*, 740 F.3d 169, 172 (5th Cir. 2013) (per curiam) (unpublished); *United States v. Turner*, 305 F.3d 349, 351 (5th Cir. 2002). Thus, the district court erred in finding that Islas-Saucedo's conviction under the Texas burglary statute qualified as a burglary offense for purposes of § 2L1.2(b)(1)(A)(ii). *See United States v. Gasca*, 714 F. App'x 414, 415 (5th Cir. 2018) (per curiam) (unpublished).

## D. Plain Error Analysis

### 1. Affirmative Waiver of Error

Islas-Saucedo has not affirmatively waived, that is "intentional[ly] relinquish[ed] or abandon[ed]," his right to seek relief from the error. *United States v. Olano*, 507 U.S. 725, 733 (1993) (citation omitted). Rather, Islas-Saucedo "forfeited the claim of error through his . . . failure to raise the argument in the District Court." *Puckett*, 556 U.S. at 138.

### 2. Clear or Obvious Error

"[W]here the law is unsettled at the time of trial but settled by the time of appeal, the 'plainness' of the error should be judged by the law at the time of appeal." *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc). In two recent decisions, this court addressed whether treating Texas burglary as an enhancement under former § 2L1.2(b)(1)(A)(ii) was clear error in light of *Herrold*. In *United States v. Hernandez-Saenz*, this court found that the district court's assessment of a 16-level enhancement under § 2L1.2(b)(1)(A)(ii) based on a prior Texas burglary conviction was a clear or obvious error in light of *Herrold*. 733 F. App'x 144, 148 (5th Cir. 2018) (per curiam) (unpublished). More recently, in *United States v. Fuentes-Canales*, this court concluded the same. No. 15-41476, 2018 WL 4140657, at *3–4 (5th Cir. Aug. 30, 2018). Therefore, the district court's treatment of Islas-Saucedo's Texas burglary offense for purposes of former § 2L1.2(b)(1)(A)(ii) was clear error in light of *Herrold*.

9

No. 16-40672

*3. Affect on Substantial Rights*

To show that the error affected Islas-Saucedo's substantial rights in the sentencing context, he must show "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Martinez-Rodriguez*, 821 F.3d 659, 663–64 (5th Cir. 2016) (internal quotation marks and citation omitted). "When a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

If the district court were to determine that Islas-Saucedo's burglary conviction qualifies as an "aggravated felony" for purposes of the eight-level enhancement under § 2L1.2(b)(1)(C), then Islas-Saucedo would face a Guidelines range of 24 to 30 months, which is 12 to 18 months less than his 42-month sentence.[5] *United States v. Calderon-Pena*, 383 F.3d 254, 262 (5th Cir. 2004) (en banc) (per curiam) (reversing 16-level crime of violence enhancement and leaving it to the district court to determine on remand whether the defendant's prior conviction qualified for an eight-level enhancement under the "aggravated felony" provisions of § 2L1.2).

The district court did not provide any explanation as to what it would have done had it considered the correct Guidelines range. "Where . . . the

---

[5] Islas-Saucedo's Texas burglary conviction would likely qualify as an "aggravated felony" under § 2L1.2(b)(1)(C), which would result in an eight-level enhancement instead of a 12-level enhancement. *See United States v. Godoy*, 890 F.3d 531, 536–40 (5th Cir. 2018) ("[This court] has repeatedly treated § 30.02 as a crime of violence . . . meaning § 30.02 is a qualifying felony under § 2L1.2(b)(1)(C)."). This result would lower Islas-Saucedo's total offense level from 17 to 13, which, when combined with his criminal history category of IV, would yield a new Guidelines range of 24–30 months. Had Islas-Saucedo been sentenced to 30 months (or 12 months less than his current 42-month sentence), then his release date would have been 12 months earlier, or May 31, 2018.

record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Molina-Martinez*, 136 S. Ct. at 1347. In *Hernandez-Saenz*, this court found that the district court's error affected the defendant's substantial rights. 733 F. App'x at 149. This court remanded the case for re-sentencing in light of *Herrold. Id.* at 150; *see also United States v. Prentice*, 721 F. App'x 393, 394 (5th Cir. 2018) (per curiam) (unpublished) (same). Islas-Saucedo has "satisf[ied] his burden to show prejudice by pointing to the application of an incorrect, higher Guidelines range and the sentence he received thereunder." *Molina-Martinez*, 136 S. Ct. at 1347; *see also Martinez-Rodriguez*, 821 F.3d at 664.

### 4. Discretion to Correct Error

When a district court's incorrect application of the Guidelines results in a sentence that is above the correct Guidelines range, this court has exercised its discretion to correct the error. *See, e.g.*, *United States v. Mudekunye*, 646 F.3d 281, 290–91 (5th Cir. 2011) (per curiam) (vacating on plain error review a sentence 19 months above top end of the correct Guidelines range); *United States v. Price*, 516 F.3d 285, 289–90 (5th Cir. 2008) (same with respect to 18-month disparity); *United States v. Miller*, 657 F. App'x 265, 271 (5th Cir. 2016) (per curiam) (unpublished) (same with respect to 15-month disparity); *United States v. Santacruz-Hernandez*, 648 F. App'x 456, 457–58 (5th Cir. 2016) (per curiam) (unpublished) (same with respect to two-month disparity); *United States v. Carrizales-Jaramillo*, 303 F. App'x 215, 217 (5th Cir. 2008) (per curiam) (unpublished) (same with respect to one-month disparity).

This court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135. Recently, the Supreme Court addressed this court's

application of the fourth prong of plain error review to Guidelines calculation errors in *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906–11 (2018). The Supreme Court held that this court's articulation of the fourth prong of plain error review was "unduly restrictive" and "too narrowly confine[d] the extent of a court of appeal's discretion." *Rosales-Mireles*, 138 S. Ct. at 1906.

The Supreme Court noted that an exercise of discretion at the fourth prong still requires a case-specific and fact-intensive inquiry, and "[t]here may be instances where countervailing factors satisfy the court of appeals that the fairness, integrity, and public reputation of the proceedings will be preserved absent correction." *Id.* at 1909. However, no such factors were present in that case. *Id.* The Supreme Court concluded that "[i]n the ordinary case, as here, the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Id.* at 1911.

In this case, the district court's error resulted in a higher Guidelines range than would be applicable without the error, and there is "a reasonable probability that" Islas-Saucedo will serve a longer prison sentence than he would have had the error not occurred. *Id.* at 1909. Thus, there is a risk that he will serve additional and unwarranted prison time, which "undermines the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1908.

On the question of abeyance, we have traditionally held that even when the Supreme Court has granted certiorari in a relevant case, we will continue to follow binding precedent. *See Wicker v. McCotter*, 798 F.2d 155, 158 (5th Cir. 1986). In *United States v. Stewart*, the defendant's sentence was enhanced by two prior Texas burglary convictions. 732 F. App'x 314, 315 (5th Cir. 2018) (per curiam) (unpublished). Similarly, the Government requested that the court hold Stewart's appeal in abeyance pending the Supreme Court's consideration of the Government's pending certiorari petition in *Herrold*. *Id.* This court

reasoned that Stewart's "relatively brief remaining time on his sentence" supported the decision to deny the abeyance request and to vacate and remand for re-sentencing. *Id*. at 316.

To date, the Supreme Court has not granted certiorari in *Herrold*. We recognize that situations may arise that would condone a pause in our application of a decision that is being challenged in the Supreme Court. However, given that Islas-Saucedo's revised sentence would likely equate to time served, this court is compelled to grant him the benefit of the law that currently exists.

## IV.   CONCLUSION

For the foregoing reasons, we VACATE and REMAND for re-sentencing. The Government's request to hold the appeal in abeyance is DENIED. All pending motions are DENIED.  The mandate shall issue forthwith.

13