# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2021

Lyle W. Cayce
Clerk

No. 19-10180

United States of America,

*Plaintiff—Appellee*,

*versus*

Brent Anderson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-247-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Ho, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

In 2018, an Arlington police officer spotted Defendant Brent Anderson leaving a Budget Suites motel. Knowing that Anderson had an

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

outstanding warrant for aggravated assault with a deadly weapon, the officer pulled Anderson over and approached his vehicle.

The officer instructed Anderson to place his arms outside the window. But Anderson did not comply. Instead, he fled and led the officer on a highspeed chase. At one point, Anderson dropped a 9-millimeter pistol (with an extended magazine and nineteen rounds) out of the driver's window. Several miles and many traffic violations later, Anderson stopped his car and surrendered.

Anderson pleaded guilty to one count of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Because Anderson had possessed the pistol for a portion of the chase, the probation officer recommended that he receive a 4-level enhancement for possession of a firearm "in connection with" another felony offense (the state felony offense of evading arrest with a motor vehicle). *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(b)(6)(B). The probation officer also recommended a 2-level enhancement for reckless endangerment. *Id.* § 3C1.2. These enhancements led to a guidelines range of 70 to 87 months. The district court adopted the Presentence Investigation Report (PSR) and sentenced Anderson to 74 months, followed by three years of supervised release. Anderson did not object to either the PSR or the sentence.

Anderson brought two plain-error challenges on appeal. First, he contended that the district court plainly erred when it applied the § 3C1.2 reckless-endangerment enhancement on top of the § 2K2.1 enhancement for "the same course of conduct." Second, he alleged that the district court plainly erred in determining that he possessed the firearm "in connection with" his evading-arrest offense.

No. 19-10180

A panel of this court rejected Anderson's first argument, holding that the district court did not plainly err in applying both sentencing enhancements. *United States v. Anderson*, 795 F. App'x 267, 268 (5th Cir.), *cert. granted and judgment vacated on other grounds by Anderson v. United States*, 141 S. Ct. 845 (2020) ("[E]ven if we were to conclude that Anderson had shown error here, we could not, given this circuit's range of authority in cases addressing double counting guidelines issues, say that the error was clear or obvious.") (citing several cases, including *United States v. Gillyard*, 261 F.3d 506, 511–12 (5th Cir. 2001)).  We reaffirm that holding today.

The panel also rejected Anderson's second argument, holding that "whether he possessed the firearm 'in connection with' his evading arrest offense is a question of fact that was capable of resolution by the district court and thus cannot constitute plain error." *Id.* (citing *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991) (per curiam)).

Anderson had argued that *Lopez* was "unsupported by Rule 52" of the Federal Rules of Criminal Procedure and "in conflict with . . . every other circuit."  Less than a month after the panel issued its opinion, the Supreme Court agreed.  *See Davis v. United States*, 140 S. Ct. 1060, 1061 (2020) ("[A]lmost every other Court of Appeals conducts plain-error review of unpreserved arguments, including unpreserved factual arguments."); *id.* at 1062 ("Put simply, there is no legal basis for the Fifth Circuit's practice of declining to review certain unpreserved factual arguments for plain error.").

Accordingly, the Court granted Anderson's petition for certiorari, vacated this court's judgment, and remanded the case for further consideration.  *See Anderson*, 141 S. Ct. at 845.

\* \* \*

To demonstrate plain error, Anderson must first show "an error or defect—some sort of deviation from a legal rule."  *United States v. Islas-*

3

*Saucedo*, 903 F.3d 512, 517 (5th Cir. 2018). Anderson contends that the district court erred in applying the sentencing enhancement for possession of a firearm "in connection with another felony offense" to his sentence. Specifically, he argues that because he continued to evade arrest for "several miles" after discarding his firearm, the weapon could not have "facilitated or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. n.14(A).

But even when a claim of error is *preserved*, a "reasonable inference" is all that is needed to support a district court's factual determination. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010) ("In determining whether a Guidelines enhancement applies, the district court is allowed to draw reasonable inferences . . . and these inferences are fact findings reviewed for clear error."). And a "district court's determination of the relationship between [a] firearm and another offense is a factual finding." *Id.*

Here, the fact that Anderson eventually abandoned his loaded, easily accessible pistol does not negate a reasonable inference that the firearm facilitated—or at least had the potential to facilitate—his initial flight in the middle of a traffic stop. *See United States v. Priestly*, 269 F. App'x 349, 350 (5th Cir. 2008) (per curiam) ("As the presence of a loaded firearm in Priestley's car during his flight from police had the potential of facilitating his attempt to evade arrest, the district court did not plainly err by enhancing his offense level."). At a minimum, the district court's factual determination that Anderson's possession of a firearm had the potential to facilitate his vehicular flight "is plausible in light of the record as a whole." *Coleman*, 609 F.3d at 708. Accordingly, the district court did not err—let alone plainly err—in applying the sentencing enhancement.

For the foregoing reasons, we again affirm the judgment of the district court.