# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2022

Lyle W. Cayce
Clerk

No. 21-30385
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA DAMOND,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CR-174-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Joshua Damond appeals the sentence imposed following his guilty plea conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). He argues that the district court clearly erred by applying a four-level U.S.S.G. § 2K2.1(b)(6)(B) enhancement because he did not

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

possess the firearm "in connection with" another felony offense. Damond also argues that the district court plainly erred by applying a two-level U.S.S.G. § 3C1.2 enhancement for reckless endangerment during his flight from law enforcement because application of both enhancements constitutes impermissible double counting.

We review application of the § 2K2.1(b)(6)(B) enhancement for clear error. *United States v. Bass*, 996 F.3d 729, 742 (5th Cir. 2021). In at least two factually similar but unpublished cases,[1] we concluded that the defendant's possession of a firearm facilitated, or had the potential of facilitating, his felony offense of flight from law enforcement. *See United States v. Anderson*, 841 F. App'x 729, 730-31 (5th Cir.), *cert. denied* 142 S. Ct. 375 (2021); *United States v. Priestley*, 269 F. App'x 349, 350 (5th Cir. 2008). As in those cases, the finding that Damond's possession of a firearm facilitated, or had the potential of facilitating, his felony offense of aggravated flight from law enforcement is plausible in light of the record as a whole and, thus, not clearly erroneous. *See Bass*, 996 F.3d at 742. The fact that Damond threw the firearm from his vehicle partway through the pursuit does not change our conclusion. *See Anderson*, 841 F. App'x at 730-31.

Damond did not raise his double counting objection before the district court, so he concedes that review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Because Damond continued his high-speed flight from law enforcement after he threw the firearm from his vehicle, possession of the firearm and reckless endangerment of other drivers may be viewed as "temporally and geographically separate." *United States v.*

---

[1] Although unpublished opinions are not binding authority, *see* 5TH CIR. R. 47.5.4, they are persuasive and provide helpful examples of what this court has done when faced with a similar factual scenario. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006); *see also United States v. Cluff*, 857 F.3d 292, 299 (5th Cir. 2017).

No. 21-30385

*Gillyard*, 261 F.3d 506, 511-12 (5th Cir. 2001).  Therefore, we conclude that Damond has failed to show that the district court erred, much less plainly erred, in applying the § 3C1.2 enhancement.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.