# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2024

Lyle W. Cayce
Clerk

No. 23-10796
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Xavier Lamarr Jones,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-100-1

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:*

Xavier Lamarr Jones pleaded guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues for the first time that § 922(g)(1) is unconstitutional. The Government has moved for summary affirmance or, in the alternative, an extension of time in which to file a brief. Jones opposes summary affirmance and requests a stay.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10796

Because Jones failed to preserve his claims, our review is for plain error only. *See United States v. Snarr*, 704 F.3d 368, 382 (5th Cir. 2013). To demonstrate plain error, a defendant must show (1) a forfeited error (2) that is clear or obvious and (3) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Jones waived his right to appeal his conviction and sentence in most respects, but he argues that the waiver does not bar the claims he has raised. Because those claims are easily resolved on the merits, we decline to reach this issue. *See United States v. Thompson*, 54 F.4th 849, 851 (5th Cir. 2022).

Jones argues that under the prevailing interpretation of the "in or affecting commerce" element of § 922(g)(1), the statute is unconstitutional because it exceeds Congress's authority to regulate commerce. As he concedes, this argument is foreclosed. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

Relying on *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), Jones also contends that § 922(g)(1) violates the Second Amendment. This court rejected another unpreserved *Bruen* challenge to § 922(g)(1) in *United States v. Jones* (*Derrick Durrell Jones*), 88 F.4th 571 (5th Cir. 2023), *petition for cert. filed* (U.S. Feb. 13, 2024), because any error was not clear or obvious. As the Government argues, that case is dispositive here.

Jones posits that future decisions may undermine or abrogate *Derrick Durrell Jones*. But we are not convinced that we should depart from our usual practice, which is to apply existing precedent unless and until it is altered. *See United States v. Islas-Saucedo*, 903 F.3d 512, 521 (5th Cir. 2018). Because Jones does not concede that every issue in this appeal is foreclosed, we decline to grant summary affirmance. Because the outcome is clear, however, further briefing is unnecessary.

No. 23-10796

Accordingly, Jones's motion for a stay is DENIED, the Government's motion for summary affirmance and alternative motion for an extension of time are DENIED, and the judgment is AFFIRMED.