# United States Court of Appeals for the Fifth Circuit

—————————

No. 23-10849
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Taddius Tyrone Woods,

*Defendant—Appellant*.

—————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-143-1

—————————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Taddius Tyrone Woods pleaded guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues for the first time that § 922(g)(1) is unconstitutional and that it was error to accept his guilty plea to a nonexistent offense. The Government has moved

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for summary affirmance or, in the alternative, an extension of time in which to file a brief. Woods opposes summary affirmance and requests a stay.

Because Woods failed to preserve his claims, our review is for plain error only. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. Cir. 2014). To prevail on plain error review, Woods must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted).

Woods argues that under the prevailing interpretation of the "in or affecting commerce" element of § 922(g)(1), the statute is unconstitutional because it exceeds Congress's authority to regulate commerce. We have consistently upheld the constitutionality of § 922(g) as a "valid exercise of Congress's authority under the Commerce Clause." *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

Relying on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Woods contends that § 922(g)(1) violates the Second Amendment. We rejected another unpreserved *Bruen* challenge to § 922(g)(1) in *United States v. Jones*, 88 F.4th 571 (5th Cir. 2023), *cert. denied*, 2024 WL 1143799, at *1 (U.S. Mar. 18, 2024) (No. 23-6769), because any error was not clear or obvious. As the Government argues, that case is dispositive here.

Next, Woods maintains that, in light of his constitutional challenges, the district court misadvised him of the nature of his offense and the maximum penalty and erroneously accepted the factual basis for his guilty plea in violation of Federal Rule of Criminal Procedure 11(b)(1)(G), (H), (b)(3). Given our rejection of Woods's underlying challenges, he has not shown the requisite clear-or-obvious error.

No. 23-10849

Woods posits that a future decision may undermine or abrogate our decision in *Jones*. But we are not convinced that we should depart from our usual practice, which is to apply existing precedent unless and until it is altered. *See United States v. Islas-Saucedo*, 903 F.3d 512, 521 (5th Cir. 2018). Because Woods does not concede that every issue in this appeal is foreclosed, we decline to grant summary affirmance. Because the outcome is clear, however, further briefing is unnecessary.

Accordingly, Woods's motion for a stay is DENIED; the Government's motion for summary affirmance and alternative motion for an extension of time are DENIED; and the district court's judgment is AFFIRMED.